## Commonwealth v. Feist, Appellant.

*Criminal law—Rape—Statutory rape—Consent—Outcry—Accomplice —Act of May 19, 1887, P. L. 128.*

1. On the trial of an indictment for statutory rape under the Act of May 19, 1887, P. L. 128, where it appears that the child was considerably under the age of sixteen years, the defendant may be convicted although the girl may have made no outcry or resistance; and the jury may consider the girl's testimony as to the essential ingredients of the crime charged, although they may believe she did not tell the exact truth in describing the amount of resistance she made.

2. In such a case the fact that the girl may have assented does not make her an accomplice and require that her testimony should be received and considered only under the limitations usually incident to evidence delivered by an accomplice.

3. On the trial of an indictment for statutory rape where the evidence of the girl and of the defendant are wholly and absolutely irreconcilable the trial judge commits no error in charging that "it is the duty of the jury to carefully analyze and scrutinize the testimony, and if that testimony leaves a reasonable doubt of the guilt of the defendant to acquit him."

Argued Feb. 27, 1912. Appeal, No. 26, March T., 1912, by plaintiff, from judgment of O. & T. Dauphin Co., Sept.

Term, 1911, No. 116, on verdict of guilty in case of Commonwealth v. Jacob G. Feist. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Affirmed.

Indictment for statutory rape. Before GILLAN, J.

The defendant presented, inter alia, the following points:

1. If the jury believe that the woman alleged to have been forcibly raped made no outcry, where it was possible to have been heard, this is a circumstance which would justify an inference that her testimony is false. *Answer:* That point I refuse. I have said as much to you before, that that is not the law as I understand it. The best evidence of what the law is, is what you get from me. I may be mistaken, but you are to take the law from me and if I am wrong, it will be righted. [1]

2. If the jury believe that the woman alleged to have been forcibly raped, made no present complaint, but concealed the matter for a considerable time after she had an opportunity to complain, this is a circumstance which would justify an inference that her testimony is false. *Answer:* This point is refused. That is not the law. [2]

3. If the testimony indicated to the minds of the jury that whatever, if anything, was done to the woman charging rape, was with her consent, even though she was under the age of sixteen, then she was an accomplice and her evidence must be treated as such, and the court is bound to instruct you that while you may convict on her uncorroborated testimony, you ought not to do so. *Answer:* That point is refused. It is not the law in either one or the other particular. [3]

5. It is the duty of the jury to reconcile the testimony in the case with the innocence of the defendant if it is possible so to do, and it is only when it is impossible to do this that the jury may convict. *Answer:* We answer that point as follows: It is the duty of the jury to carefully analyze and scrutinize the testimony and if that testimony

leaves a reasonable doubt of the guilt of the defendant to acquit him. [4]

6. When it is impossible for the jury to reconcile the testimony it becomes their duty to determine who tells the truth and in this connection it is proper for them to recall the old maxim of law, "False in one, false in all," and the rule with regard to its application that if they believe that a witness has willfully and corruptly sworn falsely to a material fact, they are at liberty to disregard his or her testimony entirely. *Answer:* This is affirmed as a general proposition of law. As applied to this case, however, if it is to be applied to the testimony of Margaret Douglass, who testified that she resisted, you must consider it carefully. If the witness, Margaret Douglass, did all she said she did at the time the occurrence took place, she did not make a very vigorous resistance, but no resistance is necessary to be shown in order to show that a crime was committed. If the defendant had carnal knowledge of her person, even with her consent, he is guilty. Therefore, if you find that she is not telling the exact truth when she says, if she does say, that the carnal knowledge was forcible and against her will, that would not justify you on that account to disregard her testimony. [5]

Verdict of guilty, on which the defendant was sentenced to the penitentiary for not more than five years and not less than two years, and pay a fine of $500. Defendant appealed.

*Errors assigned* were (1–5) above instructions, quoting them; and (6) the character of the entire charge.

*J. R. Geyer*, of *Fox & Geyer*, with him *George R. Heisey, J. Clarence Funk*, and *E. E. Beidleman*, for appellant.—It is admitted that the portion of her testimony relating to the force and absence of consent was not necessary, yet if these details were given to gain credit and increase the probability of her story or enhance the value of her testimony, it was competent, and if willfully false might con-

stitute perjury and was therefore not immaterial or irrelevant: Com. v. Albert, 9 Dauphin County, 212; Com. v. Bossard, 2 Kulp, 113; 2 Russell on Crimes, 600; Gardiner's Case, 2 Russell on Crimes, 651; Wharton on Criminal Law, sec. 1277.

When it is clear that a witness has been guilty of a deliberate falsehood under oath as to a material fact in a case, courts of justice are bound upon principles of law and morality and justice to apply the maxim "falsus in uno and falsus in omnibus" Santissima Trinidad, 20 U. S. 283; United States v. Osgood, 27 Fed. Cas. 362, Case No. 15,971 A.

The girl was an accomplice: Com. v. Fogerty, 74 Mass. 489; Com. v. Murphy, 84 Mass. 163; State v. Harris, 51 La. Ann. 1105 (26 So. Repr. 64); Law v. Com., 75 Va. 885; Hester v. Com., 85 Pa. 139; Com. v. Craig, 19 Pa. Superior Ct. 81.

*H. H. Mercer*, with him *Michael E. Stroup*, district attorney, for appellee, cited: Com. v. Bell, 4 Pa. Superior Ct. 187.

OPINION BY HEAD, J., April 23, 1912:

The defendant was convicted of the felony, commonly known as statutory rape, defined and punished by the Act of May 19, 1887, P. L. 128. The verdict has established that the evidence offered by the commonwealth was accepted by the jury as credible and convincing and there can be no doubt that it was legally sufficient to support the judgment. Do the several assignments exhibit any reversible error committed in the course of the trial?

The first assignment complains of the refusal of the learned trial judge to affirm defendant's first point for charge. It was as follows: "If the jury believe that the woman alleged to have been forcibly raped made no outcry where it was possible to have been heard, this is a circumstance which would justify an inference that her testimony is false." In Com. v. Nazarko, 224 Pa. 204,

it was held that a point so drawn, even where it stated a legal principle, correct in the abstract, was properly refused because the belief of the jury referred to was not limited to a belief arising from the evidence. "If this instruction had been given as requested it would have been misleading because a jury might form such a belief without any evidence on which to found it. Under such an instruction a jury might, capriciously or otherwise without reference to the testimony, form a belief," etc., is the language of Mr. Justice ELKIN.

But it was clearly shown in this case by evidence not in any way denied that the child was considerably under the age of sixteen years. If she made no resistance whatever, indeed if she actually consented, the act of the defendant would still be within the prohibition of the statute. In either of the instances just mentioned there would be no outcry whatever. How could the court, in such case, make the broad declaration of the point, to wit, that the absence of such outcry would justify the rejection of the entire testimony of the witness and thus bring about the acquittal of the accused? The assignment cannot be sustained.

The same criticism and reasoning apply with equal force to the second point the refusal of which is complained of in the second specification which is overruled.

By the third point the defendant asked the court to declare that if the woman child under sixteen years of age assented to the intercourse she became an accomplice and her testimony should be received and considered only under the limitations usually incident to evidence delivered by one in that class. To have so instructed the jury would have been manifestly erroneous. Whilst her bodily presence is a necessary instrumentality to enable another to do the forbidden act the statute itself declares her incapable of consenting to the crime prohibited by it. It is not aimed at her act but at his. No indictment would lie against her for a violation of that particular statute. How then could she be an accomplice? In 1 Words

and Phrases, pages 75, 76, we find that an accomplice is "One who, being of mature years, and in possession of his ordinary faculties, knowingly and voluntarily cooperates with or aids or assists another in the commission of a crime. . . . The purchaser of liquors is not an accomplice of the person making the unauthorized sale. People v. Smith, 1 N. Y. Cr. R. 72. . . . It was held that the buyer of a lottery ticket was not an accomplice with the seller: People v. Emerson, 5 N. Y. Supp. 374." So far as the act of 1887 is concerned we may say, as we did in Com. v. Weible, 45 Pa. Superior Ct. 207, the female child "is regarded rather as the victim than the perpetrator of the crime." The third assignment is overruled.

We may concede the correctness of the general proposition asserted in the fifth point (fourth assignment), but what was its pertinency or significance in the issue on trial? When the defendant denied that he had ever perpetrated the act charged either at the time and place testified to by the chief witness for the prosecution, or at any time or place, of course the testimony was absolutely and wholly irreconcilable. Even as the point was framed the situation was present where the jury might convict if they believed the testimony of the commonwealth's witness. It is impossible to see therefore wherein the defendant could have suffered any injury from the answer of the court to this point. It simply directed the jury "to carefully analyze and scrutinize the testimony" and if that left "a reasonable doubt of the guilt of the defendant to acquit him." The fourth assignment is dismissed.

The defendant's sixth point, like the one just considered, dealt with a general legal principle. It asked the court to say, following an ancient maxim, that if the jury believed a witness had willfully and corruptly sworn falsely to a material fact, they would be at liberty to disregard his or her testimony entirely. The point itself in no way indicated the witness or the testimony to which the jury was to apply the principle indicated, nor would it, standing alone, instruct the jury what constituted the material

facts testified to by such witness. The learned trial court affirmed the point as a general proposition of law. He then went on to explain to the jury that if the point was meant to apply to the testimony of Margaret Douglass, the chief witness for the commonwealth, and particularly to that portion of it in which she described the resistance she had made, it was to be considered with care. The learned judge then went on to say that in determining the guilt or innocence of the defendant it would not be necessary to find that she had made a vigorous resistance, or indeed any resistance at all, because the statute had declared that on account of her age the absence of any resistance by her would not excuse the defendant and would not warrant the jury in acquitting him. The learned judge therefore concluded, and so instructed the jury, that even if they believed that the witness in her testimony exaggerated the amount of resistance she had made, this would not justify the jury in disregarding her testimony applicable to the essential ingredients of the crime charged if they otherwise found that testimony to be credible. We are unable to say that such an answer exhibits any reversible error or points to the conclusion that the defendant suffered any injury therefrom. Had the witness remained wholly silent on the subject of resistance, her testimony, if believed, would have made out a case under the statute against the defendant. This being true, it ought not to follow that her testimony in respect to the facts essential to the defendant's guilt should be discarded by the jury even if they believed she was not telling the exact truth in describing the amount of resistance she made. Of course the jurors were the exclusive judges of the credibility to be given to her story in every respect. But it might well be that the vital portions of her testimony would still appear to the jury to be convincing even though they should further believe that her description of the resistance she made was not entirely truthful or accurate. The fifth assignment is overruled.

The sixth and last assignment complains of the charge of the court as an entirety. Such a complaint, if it can be answered at all, must of course be answered by the charge itself. It would be manifestly impossible for us in this opinion to go over the entire charge sentence by sentence and attempt to demonstrate that it exhibits neither bias nor unfairness to the defense offered by the defendant. It is sufficient to say that after a careful study of it we are of opinion that it fairly presented to the jury the real issues involved, with adequate instructions as to the legal principles applicable to the facts as they might be found, and then submitted the entire question in a manner which left to the defendant no substantial ground for complaint in this respect.

The gravity of the charge and the serious consequences that will result to the defendant and his unfortunate family from his conviction naturally invite a through and careful examination of the record brought to us for review. As a result of such examination we are obliged to say that the defendant was fairly tried and was deprived of no right secured to him by the constitution and laws of the commonwealth.

Judgment affirmed and record remitted to the end that the sentence of the court may be carried into effect.