Commonwealth *v.* Ramstedt, Appellant.

Argued April 11, 1934.

Before TREXLER, P. J., KELLER, CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and JAMES, JJ.

*Clarence L. Shaver,* and with him, *Daryle R. Heckman,* of *Shaver and Heckman,* for appellant.

*P. G. Cober,* District Attorney, for appellee.

OPINION BY PARKER, J., July 13, 1934:

William Ramstedt, a man seventy years of age at the time of his trial, was convicted of the rape of a girl under sixteen years of age and bastardy, and sentenced by the court below to pay the costs of prosecution, lying-in expenses, and a sum for the maintenance of the child. The sole complaint of the appellant is on account of the refusal of the court below to grant a new trial on the ground that the verdict was against the weight of the evidence.

The Commonwealth produced but one witness, the mother of the child, and depended upon her testimony for a conviction. The defendant took the stand and denied all of the charges. In addition, the defendant produced two physicians who testified that the defendant was sterile at the time of the alleged sexual intercourse. The prosecuting witness placed the time of the intercourse as June 1, 1932, and the birth of the child as March 2, 1933, and stated that she never complained to the defendant about her condition and was never in his company after the first date. On August 22, 1933, more than fourteen months after the date of the alleged intercourse, the defendant submitted to a physical examination by two physicians for the purpose of determining whether he was capable of procreation. The physicians testified that they made an examination of the prostate gland and seminal fluid

of the defendant, and that there were then no spermatozoa present and that, in their opinion, there were no live spermatozoa in his seminal fluid on and after June 1, 1932.

Neither the defendant nor his two physicians testified that he was not capable of committing the rape. The doctors based their opinion as to the ability of the defendant to procreate on the theory that for two or three years before spermatozoa disappear entirely they are present but inactive or dead. The specialist, on cross-examination, stated positively that living cells capable of impregnating the woman were not present in August, 1933, but it was only his opinion that this was his condition fourteen months before.

The defendant presents his argument as if he had established an "infallible physical fact." Such is, of course, not the fact. The medical profession, so far as we can discover, has not undertaken to say the exact age at which all men become impotent or sterile, and certainly such a definite limit has not become a matter of common knowledge. While there are accepted rules of general application, the ordinary limits of procreative powers have been exceeded from the days of Abraham and Moses. The examination of the defendant was made fourteen months after the offense occurred, and this leaves open a considerable period for speculation and at a period when the powers are gradually dimming. The credibility of the witnesses was for the jury, and it was for the trial judge first to determine whether the verdict was so shocking to his sense of justice as to justify a new trial. He saw and doubtless knew the parties and was therefore in a better position to pass on this question. We cannot say the lower court abused its discretion in refusing a new trial, even though we might have come to a different conclusion if we had been triers of facts.

The judgment is affirmed.