Opinion by
 

 Keller, P. J.,
 

 This was a prosecution for incestuous rape alleged to have been committed by the defendant on his daughter, Betty, a minor child fifteen years of age. The girl is his child by his first wife. Shortly after his wife’s death the child was placed in the Children’s Home in Pottsville, where she remained until after her father’s second marriage, when she returned to her father’s house to live. The offense Avas alleged to have been committed Avithin a few AAreeks after her return.
 

 Appellant’s counsel contends (1) that a conviction in such a case cannot be had on the testimony of the injured girl alone; (2) that her testimony was Avholly uncorroborated. We cannot agree with either contention.
 

 Rape, whether at common laAV or statutory, is rarely committed in the presence of Avitnesses. Hence it has been held that the testimony of one witness — the injured person — may be sufficient to sustain a conviction:
 
 Com. v. Oyler,
 
 130 Pa. Superior Ct. 405, 197 A. 508;
 
 Com. v. Ramstedt,
 
 113 Pa. Superior Ct. 548, 173 A. 772. See also,
 
 Com. v. Cyaus,
 
 88 Pa. Superior Ct. 227;
 
 Com. v. Kretezitis,
 
 111 Pa. Superior Ct. 5, 169 A. 417. The trial court is the best judge of Avhether a conviction in such case should be allowed to stand.
 

 The court presented the case to the jury in a fair charge to which defendant took no exception; and evidently felt that the verdict was a just one under the evidence and warranted by the testimony, for it refused
 
 *364
 
 to grant a new trial. The trial court saw the witnesses and heard, their testimony and is better able to pass on their credibility than we are. The evidence has not been printed or brought up on appeal, the parties having agreed by stipulation on a statement of the facts in evidence. We are not therefore in a position to overrule the court on that matter.
 

 Evidence of an outcry or of a prompt revealing of the criminal act was not as necessary in this case as if the girl had been sixteen or more years old; for in the circumstances here present the offense would be rape whether or not it was committed forcibly and against her will. She testified, however, that she had told a Mrs. Helen Clark of her father’s actions soon after the first attack. Mrs. Clark had been “keeping company” with the defendant’s brother and denied that the girl had complained to her of her father’s actions. Her testimony was shown to be inaccurate as to dates. The girl’s testimony was corroborated to some extent by the defendant himself, who admitted that he had asked her what she had told Helen Clark concerning him and on her replying, “It’s true; you were after me,” he struck her in the face causing her nose to bleed violently. This, of itself, was some corroboration of her testimony that she had told Mrs. Clark of his conduct towards her, for his question implied some talk with Mrs. Clark on the subject.
 

 As the assignments of error go only to the refusal of the court (1) to direct a verdict of not guilty and (2) to grant a new trial, they are overruled. Insufficiency of evidence is not ground for an arrest of judgment.
 

 The judgment is affirmed, and it is ordered that the defendant appear in the court below at such time as he may be there called and that he be committed by said court until he has complied with the sentence, or any part thereof that had not been performed when the appeal in this case was made a supersedeas.