Commonwealth *v.* Cunningham, Appellant et al.

Argued April 14, 1947. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*J. Harry Pershing,* with him *Adam B. Shaffer,* for appellant.

*Henry X. O'Brien,* Assistant District Attorney, with him *Artemas C. Leslie,* District Attorney, for appellee.

OPINION BY ROSS, J., July 17, 1947:

The appellant, Roosevelt Cunningham, was convicted on eight indictments charging armed robbery, and after his motions for arrest of judgment and new trial were refused, this appeal was taken.

John D. Lewis, a co-defendant in each indictment, pleaded guilty and testified for the Commonwealth. Real Lewis, a co-defendant in four of the indictments, was tried with Cunningham and found guilty on one indict-

ment. Ealious Bell, a co-defendant in two indictments, has not been apprehended.

The offenses for which appellant was convicted and to which Lewis pleaded guilty occurred on eight different dates between June 26 and July 26, 1946. It was testified by Lewis that Cunningham was his accomplice on each of the eight robberies; that on two occasions Cunningham accompanied the witness into the premises where the offenses were committed and that on the other six occasions, the appellant remained outside in the automobile in which Cunningham had driven the parties to the scene of the robbery.

Lewis' testimony, although not corroborated—except relative to one robbery where the victim identified Cunningham—was sufficient to sustain appellant's conviction. *Commonwealth v. DeMasi,* 234 Pa. 572, 83 A. 570; *Commonwealth v. Howe,* 84 Pa. Superior Ct. 295; *Commonwealth v. Bruno,* 316 Pa. 394, 175 A. 518. Consequently, the only question involved in this appeal is whether the trial judge correctly instructed the jury as to evidence given by an accomplice.

A trial judge should warn the jury of the corrupt source of an accomplice's testimony but the form of instruction lies within the discretion of the court. *Commonwealth v. Brown,* 158 Pa. Superior Ct. 226, 44 A. 2d 524. In *Commonwealth v. Klein,* 42 Pa. Superior Ct. 66, at page 82, President Judge RICE stated: "While the generally accepted doctrine is that the court should instruct the jury that the testimony of an accomplice should be received and acted upon by them with caution, . . . yet no set form of expression in which the jury must be instructed upon this subject has been prescribed: Com. v. Craig, 19 Pa. Superior Ct. 81. In judging the adequacy of the instructions some regard must be had, not only to the fact that the testimony is given by an accomplice but to every other matter appearing in the case which may properly be taken into consideration by judge and jury in determining whether the testimony of a witness may be safely relied on or not, and

particularly the superior opportunity which the trial judge has to observe the appearance of the accomplice witness on the witness stand and his manner of testifying. To say that in every case, no matter how candid and straightforward the accomplice witness may be on the witness stand and how convincing may be his testimony, the judge must advise or admonish in terms which would be naturally construed by the jury as a binding direction upon a point of law is not warranted by the later decisions . . .".

In the case at bar, the trial judge charged the jury on the law involving the testimony of an accomplice as follows: "I call your attention to the fact that John Lewis as a witness in this case is what is called an accomplice. He engaged in the commission of this crime, and where the guilt or innocence of a person rest on the testimony of an accomplice, the jury should scrutinize carefully the testimony of that witness, the reason being this: You have the right to consider the testimony comes from a corrupt source. Under our law it is permitted to convict a person on the testimony of an accomplice but you, as jurors, should keep in mind the instruction and caution I have given you with reference to that testimony." And again: "I have been asked to charge you further on the question of the value of the testimony of an accomplice. I believe I covered that thoroughly in my charge. I explained to you that you should scrutinize that evidence closely. I told you that you could found your verdict on the testimony of an accomplice if you believe it, but that you should look at that testimony cautiously before coming to a conclusion that the defendant whose guilt rests on that testimony is guilty." The learned trial judge correctly and clearly instructed the jury as to the testimony of an accomplice and since the jury believed that Lewis told the truth, there is no reason for setting aside the verdict. *Commonwealth v. Gray*, 72 Pa. Superior Ct. 279. As the appellant is in custody serving his sentence, we shall simply affirm the judgment.

Judgment affirmed.