Commonwealth *v.* Ballow, Appellant.

Argued March 17, 1952. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*James L. Stern,* with him *George Ballow,* in propria persona, for appellant.

*Michael von Moschzisker,* First Assistant District Attorney, and *Thomas M. Reed,* Assistant District Attorney, with them *Malcolm Berkowitz,* Assistant District Attorney and *Richardson Dilworth,* District Attorney, for appellee.

OPINION BY ROSS, J., July 17, 1952:

This is an appeal by George Ballow from judgment of sentence imposed after the refusal of a new trial following a conviction by a jury on a bill of indictment containing five counts charging assault with intent to rob and robbery of Martin Barlly and Albert Godfrey. Morris Berkowitz and Oliver Krantz were also indicted for the same offenses but they entered pleas of guilty and testified for the Commonwealth against Ballow. The appellant questions (1) the sufficiency of the evidence to sustain the jury's verdict and (2) the action of the trial judge in allowing an amendment of the indictment.

Barlly and Godfrey lived together in an apartment on the second floor of a building located at the corner of Ninth and Locust Streets in Philadelphia. The two men were associated in a jewelry business conducted at another location. On March 27, 1951, Godfrey received a telephone call from a man who identified himself as "Weiner", a person known to Godfrey, who told him that he "wanted to get a ring" and that he wanted to pick up the ring at the apartment. At 8:30 p.m. that night, Barlly was alone in the apartment he shared with Godfrey. Barlly testified that Godfrey had told him to expect "a couple of customers" who wanted to purchase diamonds. The bell in the apartment rang and Barlly admitted Krantz and Berkowitz, thinking them the customers Godfrey had mentioned. Berkowitz and Krantz with a gun forced Barlly to lie face down on the floor, went through his pockets and "took everything". At about this time Godfrey, who had been on the third floor, came upon the scene and Berkowitz and Krantz fled. Berkowitz was arrested immediately near the scene of the crime. Berkowitz implicated Krantz, who was arrested, and both men implicated Ballow, who was arrested in Baltimore some time after the robbery.

Both of the appellant's alleged accomplices gave testimony against him. Krantz testified that he had met appellant, whom he had known for two years, in Wilmington, Delaware, "about the 21st or 22nd of March" 1951. At that meeting Ballow told Krantz, "I have a good thing for you, and it is easy." The "good thing" was "a fellow" who lived alone on the second floor at Ninth and Locust Streets in Philadelphia and "carries thirty or forty thousand dollars of diamonds". Ballow told Krantz that he would "use someone else's name" and make an appointment with the proposed victim so that Krantz and another man could more easily gain access to the jewelers' apartment.

Krantz contacted Berkowitz to inform him of the proposed hold-up and, sometime between March 22 and March 27, the three conspirators met in Philadelphia to make further plans, and Ballow showed his accomplices the Barlly-Godfrey apartment. On the 27th of March Ballow, Berkowitz and Krantz were together in Krantz's car. Ballow got out of the car at Ninth and Spruce Streets and the other two men went to Locust Street between Eighth and Ninth, where they parked the car. Thereafter Berkowitz and Krantz went to the jewelers' apartment and committed the robbery. The appellant was the only witness for the defense. He admitted knowing Berkowitz and Krantz but stated that he had not seen either of them since January 1951.

The appellant's argument that the evidence was not sufficient to sustain the conviction merits little discussion. It amounts to a contention that the evidence to corroborate the testimony of appellant's alleged accomplices was weak. Counsel for the appellant concedes that the trial judge correctly and fully instructed the jury with respect to the careful and critical scrutiny to be given the testimony of an accomplice. In the case at bar, there was evidence to corroborate, within practicable limits, the testimony of Berkowitz

and Krantz. Moreover, the uncorroborated testimony of an accomplice or of accomplices may of itself be sufficient to justify a conviction. *Com. v. Bubna,* 357 Pa. 51, 67, 53 A. 2d 104; *Com. v. Cunningham,* 161 Pa. Superior Ct. 276, 53 A. 2d 885; *Com. v. Billingsley,* 160 Pa. Superior Ct. 140, 50 A. 2d 703.

When a defendant in a criminal case challenges the sufficiency of the evidence produced to convict him, we must view the evidence in the light most advantageous to the Commonwealth, in whose favor the jury's verdict resolved all controverted factual questions and the reasonable inferences to be taken from the testimony of record. *Com. v. Schuster,* 158 Pa. Superior Ct. 164, 44 A. 2d 303.

Applying this rule, the testimony in this case is clearly sufficient to sustain the jury's verdict.

The appellant's other and principal contention is that he "was prejudiced when the Trial Judge permitted an amendment of the date in the indictment". The indictment consisted of five counts, in the first of which the date of the offense was incorrectly set forth as March 22, 1951. During the trial the Commonwealth, over the objection of the defendant, was permitted to amend the first count to conform with the proof that the offense was committed on March 27, as set forth in the other four counts of the indictment.

Authority for a trial court's amendment of an indictment to conform with the proof is established by section 13 of the Act of March 31, 1860, P. L. 427, 19 PS sec. 433, which provides in part as follows: ". . . it shall and may be lawful for the court before whom the trial shall be had, if it shall consider such variance not material to the merits of the case, and that the defendant cannot be prejudiced thereby in his defense upon such merits, to order such indictment to be amended, according to the proof." In *Com. v. Neuman,* 151 Pa.

Superior Ct. 642, 30 A. 2d 698, Judge (now President Judge) RHODES stated at page 652: "There has been a constant trend toward liberalizing, both by statute and decision, the amendability of indictments, and the history of this development has been previously reviewed by our courts. Com. v. Tassone, 246 Pa. 543, 92 A. 713; Com. v. Liebowitz, 143 Pa. Superior Ct. 75, 17 A. 2d 719; Com. v. Streets [113 Pa. Superior Ct. 65, 172 A. 31], supra. . . . . a sound discretion must be exercised by the trial court in each case upon its circumstances; and the action of the court, in such a case, will be reversed only for an abuse of discretion which is clearly manifest."

In *Com. v. Neff,* 149 Pa. Superior Ct. 513, 517-518, 27 A. 2d 737, we stated: "We have repeatedly held that the Commonwealth is not restricted, in proving the date of an offense, to that alleged in the indictment. The burden upon the Commonwealth is met by proof of the commission of the offense on some other date, fixed with reasonable certainty and within the prescribed statutory period. . . . If defendant was surprised by the change in date, it was for him to request a continuance. There is nothing in the record to show that this was done." *Com. v. Gaber,* 162 Pa. Superior Ct. 538, 58 A. 2d 592, relied upon by appellant, is clearly distinguishable from the present case. In that case the indictment charged the defendant with committing fornication and bastardy "on or about August 15th" 1946. At the trial, the Commonwealth attempted to show sexual relations with the prosecutrix from July to December 1946. Defendant pleaded surprise and asked for a continuance on the ground that he was "not prepared to defend as to anything beyond the scope of the indictment". The motion for continuance was refused. We reversed with a venire on the ground that Gaber's plea of surprise was undoubtedly a genuine one and that he repeatedly asked for a continuance.

Here, at the time of the motion to amend the indictment, counsel for appellant stated, "I object to the amendment—I have not prepared an alibi for the 27th—I am prepared for the 22nd." *No request for a continuance* was made. Furthermore, if by his objection the appellant intended to plead surprise it would obviously be a spurious plea. It is incomprehensible why the appellant if he had an alibi for March 27 was not prepared to present it since four counts of the indictment set forth that date as the time when the offense was committed.

Consequently it is our opinion that the appellant was not prejudiced by the amendment and that the trial court did not abuse its discretion in allowing it, particularly in view of the fact that no request for a continuance was made.

Judgment of sentence is affirmed.