Commonwealth *v.* Newcomer, Appellant.

Argued April 10, 1957. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*Edward F. Peduzzi,* with him *Myers, Taylor & Peduzzi,* for appellant.

*William P. Kelly,* Assistant District Attorney, with him *David C. Wolfe,* District Attorney for appellee.

OPINION BY GUNTHER, J., June 11, 1957:

Charles E. Newcomer, appellant, was charged with and convicted of the crime of incestuous statutory rape upon his daughter, Diana Newcomer, then twelve years of age. Some of the offenses involved were alleged to have been committed at home, and on one occasion in an automobile while returning his daughter from piano lessons.

The Commonwealth's case was established by the girl who testified that her father had intercourse with her several times over a period from June to August, 1955. Mrs. Alice Newcomer, wife of the defendant, testified that in the latter part of September, 1955, she had difficulties at home, as a result of which she intended to leave defendant and so informed the children. She told the children that they were to stay with the father as he was better able to provide for them. On Sunday, October 2, 1955, as she was preparing to leave, Diana asked her not to leave and told her of the events which occurred between her and her father. The following day, Diana was examined by Dr. Bennett who testified that in his opinion she had been penetrated a number of times as there was no trace of the hymen. Dr. Ebandjieff examined the child on Sunday, October 2, 1955, and he testified that he

found the vaginal membrane intact and some slight bruises on her thighs.

Mrs. Newcomer testified that she worked at Weaver's Restaurant from July until October, 1955; that she worked different shifts so as to coincide with the shifts worked by her husband, and that during the times she worked, the children were left in the care of her husband.

Defendant took the stand and denied the charges. He also, in the form of an alibi, offered the testimony of Mrs. Hilda Weaver to show that Mrs. Newcomer was home at the time of the alleged first offense in June, and that Mrs. Newcomer did not begin work in her restaurant until the last Saturday in July. Defendant also offered testimony to the effect that while his daughter was taking her piano lesson on August 17, 1955, he took his car to a garage for repairs; that he helped the mechanic as a result of which his clothing and hands were greasy and dirty; that when he returned with the little girl, his wife was at home, and that at that time she made no outcry. He testified, further, that his wife threatened to put him in jail on several occasions. On cross-examination Diana admitted that she, at times, was angry at her father for his refusal to allow the use of lipstick and nail polish. Several character witnesses were offered as to his reputation for good moral conduct in the community.

The evidence was conflicting but the jury returned its verdict of guilty. The jury was polled and each juror affirmed the verdict. Some time thereafter, affidavits were obtained from two members of the jury to the effect that they voted for a verdict of guilty because they believed and were informed that the verdict had to be unanimous and that they did not know that the court could have been informed of a disagreement; that they did not know they had a right to change their

verdict at the time of the poll and could have stated that they found the defendant not guilty.

No complaint is made about the charge of the court or about the admissibility of the evidence. Appellant here contends that the motions for a new trial and in arrest of judgment should have been granted because the evidence was conflicting, indefinite, insufficient, unreliable and uncorroborated. He further contends that the affidavits of two jurors, obtained some time after the jury was discharged, should have been considered as a reason for granting the motions.

The testimony of the victim was positive as to the acts of rape notwithstanding uncertainty as to exact dates. She was a sixth grade student in the local school and no objection was raised as to her competency at the time of trial. She stated she did not complain because her father had threatened her. Her failure or inability to pinpoint exact dates and circumstances as a girl of twelve (thirteen at the trial) is a human frailty which adults possess as well. The proof of a date other than that contained in the indictment is not normally fatal. The Commonwealth can prove **any other** time, prior to the indictment, the commission of specified acts so long as they come within the statute of limitations: *Commonwealth v. Sutton,* 171 Pa. Superior Ct. 105, 90 A. 2d 264; *Commonwealth v. Zeigler,* 164 Pa. Superior Ct. 82, 63 A. 2d 128; *Commonwealth v. Bridges,* 82 Pa. Superior Ct. 92.

The character of the testimony making out a prima facie case, even though conflicting and somewhat vague, is not a reason for granting a new trial. Such testimony may affect credibility which is always for the finders of fact: *Commonwealth v. Ramstedt,* 113 Pa. Superior Ct. 548, 173 A. 772; *Obici v. Third Nat. Bank & Trust Co.,* 381 Pa. 184, 112 A. 2d 94; *Nanty-Glo Boro. v. Amer. Surety Co.,* 309 Pa. 236, 163 A. 523. Likewise,

the failure to make an outcry or the lack of corroboration cannot be attacked in this type of proceeding. A conviction for incestuous statutory rape may be supported by the victim's uncorroborated testimony, and since the element of force is not involved in the offense, evidence of an outcry or a prompt revealing of the criminal act or acts is not required. *Commonwealth v. Allabaugh*, 162 Pa. Superior Ct. 490, 58 A. 2d 184; *Commonwealth v. Ebert*, 146 Pa. Superior Ct. 362, 22 A. 2d 610.

The practice of polling the jury after verdict goes back to the common law. However, we know of no rule of law which makes it mandatory that before a jury is polled, the trial judge instructs the jury of their right to dissent from the verdict or to individually change its mind. Such a requirement would, in effect, be an open invitation to do so which could nullify the effects of an orderly trial. This does not mean that a juror, if not convinced of his previous action in the jury room, or because of possible pressure brought to bear upon him, cannot change his mind. We merely say that the trial judge is not duty bound to invite the jury to do so.

The affidavits produced were properly rejected by the court below. The verdict as recorded is the verdict of the jury and no member of that jury may be permitted to impeach or to alter or amend such a verdict after separation and discharge: *Commonwealth v. Cano*, 182 Pa. Superior Ct. 524, 128 A. 2d 358; *Commonwealth v. Smart*, 368 Pa. 630, 84 A. 2d 782; *Commonwealth v. Johnson*, 359 Pa. 287, 59 A. 2d 128; *Commonwealth v. Curry*, 298 Pa. 363, 148 A. 508. Likewise, the calling of jurors as witnesses for any purpose in post conviction proceedings is to be avoided if at all possible. *Commonwealth ex rel. Howard v. Claudy*, 175 Pa. Superior Ct. 1, 102 A. 2d 486.

The judgment of sentence is affirmed, and the record is remitted to the court below, and it is ordered that defendant appear in the court below at such time as he may be called, and that he be by that court committed until he has complied with the sentence, or any part thereof, which has not been performed at the time the appeal was made a supersedeas.