Opinion by
 

 Ervin, J.,
 

 The appellant was convicted of statutory rape, incestuous adultery, indecent assault, and corrupting the morals of a minor. He was sentenced on the statutory rape charge. The victim in each case was his stepdaughter, Mildred.
 

 
 *469
 
 Mildred testified that her stepfather began to fondle her sexually when she was six or seven years old, and that he began having sexual relations with her when she was ten or eleven years old, and that a child was born to her April 28, 1962 when she was thirteen years of age.
 

 Appellant argues that the court below erroneously charged the jury that the delay in reporting the crime could not be considered a factor in the credibility of Mildred’s testimony. The court below charged that since the element of force was not present in a statutory rape case, the evidence of a prompt revealing of the criminal act was not required. Where statutory rape is charged, the consent of the prosecutrix is not a factor in determining the accused’s guilt. In
 
 Com. v. Feist,
 
 50 Pa. Superior Ct. 152, a statutory rape case, the court below refused to give the following charge to the jury: “If the jury believe that the woman alleged to have been forcibly raped,, made no present complaint, but concealed the matter for a considerable time after she had an opportunity to complain, this is a circumstance which would justify an inference that her testimony is false.” We affirmed the conviction in an opinion written by Judge Head.
 

 In
 
 Com. v. Ebert,
 
 146 Pa. Superior Ct. 362, 364, 22 A. 2d 610, President Judge Keller, speaking for our Court, said: “Evidence of an outcry or of a prompt revealing of the criminal act was not as necessary in this case as if the girl had been sixteen or more years old; for in the circumstances here present the offense would be rape whether or not it was committed forcibly and against her will.” In
 
 Com. v. Newcomer,
 
 183 Pa. Superior Ct. 432, 435, 436, 132 A. 2d 731, we said: “Likewise, the failure to make an outcry or the lack of corroboration cannot be attacked in this type of proceeding. A conviction for incestuous statutory rape may be supported by the victim’s uncorroborated testimony,
 
 *470
 
 and since the element of force is not involved in the offense, evidence of an outcry or a prompt revealing of the criminal act or acts is not required.” The majority rule in this country is as follows: “Where the female is under the age of consent, evidence of failure to make complaint has been held not relevant.” 75 C.J.S., Eape, §54. While there is some authority to the contrary, Pennsylvania has followed the majority rule and we believe that it should continue to do so. The reason for the rule requiring prompt complaint in a rape case is that an adult woman would most probably be so outraged by the act that she would avail herself of the first opportunity to make complaint. Failure to make prompt complaint by an adult woman would be some evidence that the act did not take place. In the present case there can be no doubt as to the happening of an act because the girl subsequently gave birth to a child. The only question to be resolved is one of identity. Furthermore we seriously doubt whether a young girl would be likely to make a prompt complaint. She might, as in this case, state that she did not tell her mother because she was afraid her mother would put ■ her away. She might very well fear threats of punishment or be too embarrassed to make prompt complaint. As applied to a young girl the prompt complaint theory in our judgment has little if any evidential value on the question of credibility of the victim.
 

 The judgment of sentence is affirmed and the defendant is directed to appear in the court below at such time as he may be there called, and that he be by that court committed until he has complied with -the sentence, or any part of it which had not been performed at the time the appeal was made a supersedeas.