Commonwealth *v.* Lambert, Appellant.

42

Argued September 14, 1973. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, CERCONE, and SPAETH, JJ. (SPAULDING, J., absent).

*Leonard Sosnov,* Assistant Defender, with him *John W. Packel,* Assistant Defender, and *Vincent J. Ziccardi,* Defender, for appellant.

*John H. Isom,* Assistant District Attorney, with him *David Richman,* Assistant District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY HOFFMAN, J., November 16, 1973:

This is an appeal from a judgment of sentence for corrupting the morals of a minor. Appellant contends that his motion in arrest of judgment should have been granted because the Commonwealth failed to prove, as

charged in the indictment, that appellant corrupted the morals of certain minors "in that he did furnish dangerous drugs to said minors." Two other indictments charged the appellant with distributing dangerous drugs.

The evidence established that the twenty-three year old appellant, in response to his fifteen year old girl friend's request, gave her six pills which she described as "red-devils". After taking three of the pills, the girl fell asleep. When her mother encountered difficulty in waking her, she took the girl to a hospital where she was examined by a doctor, received no treatment, and was soon released.

At trial, the Commonwealth did not prove that the pills were dangerous drugs.[1] Without such evidence, the trial judge properly sustained appellant's demurrers to the drug charges. The Court, however, denied appellant's demurrer to the charge of corrupting the morals of a minor.

Relying upon the broad scope of our statute,[2] the judge believed that the Commonwealth's failure to prove that the pills were dangerous drugs was irrele-

---

[1] Dangerous drugs included only certain enumerated drugs defined by the legislature in The Drug, Device and Cosmetic Act, Act of September 26, 1961 (P. L. 1664), 35 P.S. §708-2(h) ; repealed Act of April 14, 1972, P. L. 233, No. 64.

[2] "Whoever, being of the age of 18 years and upwards, by any act corrupts or tends to corrupt the morals of any child under the age of 18 years, or who aids, abets, entices or encourages any such child in the commission of any crime, or who knowingly assists or encourages such child in violating his or her parole or any order of court, is guilty of a misdemeanor, . . ." Act of 1939, June 24, P. L. 872, §532, added 1953, June 3, P. L. 277, §1, as amended, 1961, July 25, P. L. 848, §1, 18 P.S. §4532. Because of the protective nature of the statute, it is designed to cover a broad range of conduct which may not be illegal in itself, but is illegal because of the result produced (corrupting morals). See *Commonwealth v. Marlin*, 452 Pa. 380, 305 A. 2d 14 (1973) ; *Commonwealth v. Stroik*, 175 Pa. Superior Ct. 10, 102 A. 2d 239 (1954).

vant. The court held that the act of supplying unidentified pills to a minor who requested them was conduct tending to corrupt the morals of a minor.

The appellant was not charged with generally corrupting the morals of a minor, but with specifically corrupting the morals by furnishing dangerous drugs. "In criminal trials the proof offered by the Commonwealth must measure up to the charge made in the indictment." *Commonwealth v. Aurick,* 342 Pa. 282, 291, 19 A. 2d 920 (1941). An "indictment is the star and compass of a criminal trial . . . [and it] must be a notification to the defendant of the charge he has to meet." *Commonwealth v. Petrillo,* 338 Pa. 65, 77, 12 A. 2d 317 (1940); see *Commonwealth v. Simione,* 447 Pa. 473, 291 A. 2d 764 (1972) (where bill of particulars gives notice that charge is a sale of drugs and proof shows distribution, judgment of sentence must be reversed for failure to prove sale); see *Commonwealth v. Pope,* 225 Pa. Superior Ct. 252, 311 A. 2d 147 (1973).

By specifically charging the manner by which appellant was alleged to have corrupted the morals of these minors, the Commonwealth was required to prove that appellant did furnish them with dangerous drugs. The Commonwealth could have done so by direct or circumstantial evidence through analysis of the pills, testimony of the treating physician, hospital reports, or identification of the pills by a pharmacologist. Having failed to do so, the Commonwealth did not prove the offense as charged in the indictment, and appellant's motion in arrest of judgment should have been granted.

Judgment of sentence is reversed and appellant discharged.

WRIGHT, P. J., and WATKINS, J., dissent.