399 A.2d 1121

**COMMONWEALTH of Pennsylvania**

v.

**Dennis NABRIED, Jr., Appellant.**

Superior Court of Pennsylvania.

Submitted March 20, 1978.

Decided March 23, 1979.

Ronald B. Merriweather, Philadelphia, for appellant.

Eric B. Henson, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before JACOBS, P. J., and HOFFMAN, CERCONE, PRICE, VAN der VOORT, SPAETH and HESTER, JJ.

PRICE, Judge:

Appellant was found guilty after a non-jury trial of statutory rape [1] (count No. 961) and corruption of a minor [2] (count No. 962).[3] After denial of post-trial motions, appellant was sentenced to 9 to 23 months on the statutory rape charge and 2 years probation on the corruption conviction, to run consecutive to the sentence on statutory rape. This appeal followed, and finding no merit to appellant's arguments, we affirm the judgments of sentence.

Appellant, a teacher in a junior high school in the Philadelphia School District, arranged a meeting with the victim of this occurrence. The victim, a 13 year old female student assigned to several of appellant's classes, agreed to the meeting and voluntarily entered appellant's automobile on an afternoon following the close of the school day. Appellant drove this minor female to his apartment, where, after the female's clothing was removed, intercourse took place.

This court is in unanimous agreement on all questions raised on this appeal, except for the question challenging the information on the corruption of a minor. Therefore, that portion of the dissenting opinion affirming the conviction and judgment of sentence on the statutory rape count is adopted as the majority opinion.

Appellant challenges the information at No. 962 in that the Commonwealth failed to prove that appellant "did remove the clothing of the minor." [4]

Pa.R.Crim.P. 213 on indictments, and Pa.R.Crim.P. 225 dealing with informations, require that there be set forth a clear statement of the essential elements of the offense.

1. 18 Pa.C.S. § 3122.

2. 18 Pa.C.S. § 6301.

3. The Notice of Appeal contains only count No. 961. The court below and appellant's brief treat both counts. There is no excuse for an error of this type. We will, however, treat the appeal as covering both counts.

4. The information reads: "ACT—did remove the clothing of the minor."

This requirement is in keeping with the long accepted law of this Commonwealth that a defendant must have notice of the charge he will be expected to meet. The indictment or information is the star and compass of a criminal charge. *Commonwealth v. Simione,* 447 Pa. 473, 291 A.2d 764 (1972); *Commonwealth v. Petrillo,* 338 Pa. 65, 12 A.2d 317 (1940); *Commonwealth v. Pope,* 225 Pa.Super. 252, 311 A.2d 147 (1973).

Appellant urges that since the record quite clearly establishes that the minor removed her own clothing, the Commonwealth's proof does not conform to the charge, and therefore must fail. He relies, as does the dissent, upon *Commonwealth v. Lambert,* 226 Pa.Super. 41, 313 A.2d 300 (1973). *Lambert* is not to be read in such a hypertechnical manner. There the charge was furnishing the minor with dangerous drugs, and the Commonwealth proved only that six pills were given the minor. No evidence was offered to prove the nature of the drug contained in the pills. We there held that the proof of a vital link was missing in that the Commonwealth failed to prove that the pills contained dangerous drugs, and that the charge had to be dismissed. *Lambert* is a far cry from the situation presented on this appeal.

The victim's testimony on the removal of her clothing is as follows:

"Q. After he turned the car off, what happened?

A. He came back in. And he asked me to—did I want to take my clothes off or did I want him to take them off.

Q. What did you say to him?

A. I didn't say nothing. So I just took my own clothes off."

(N.T. 25–26).

■ Appellant placed a 13 year old in the situation earlier described. There was no doubt of the purpose for being in appellant's apartment. Appellant then gave the minor a choice, very simply, "You take your clothes off, or I will do it." In either event, the result was the same; the clothing

of the minor was removed. The removal was accomplished through the instigation and acts of appellant. That the actual physical movement of removal was done by the young female is not the determinative factor. The information is clear that appellant is charged with being the moving force that brought about the removal of the clothing. We say again, this is a far cry from failure to prove the contents of six pills as dangerous drugs.

As the court below says in its opinion:

"It is not required that the information set out all facts concerning the defendant's conduct and the circumstances existing at the time of the incident. *Commonwealth v. Schell,* 62 Montg. 113 (1946). The court must consider the act in the context in which it is alleged to have occurred. The act presently alleged, the removal of the clothing of the minor, was part of the act of having sexual intercourse with the minor. Both acts were the subject of informations charging offenses relating to the same criminal incident. Where, as here, the Commonwealth did not prove that the minor's clothing was removed by the defendant, but did in fact prove that the defendant had sexual intercourse with the minor at the time and place alleged, such proof was sufficient to convict the defendant of the charge of Corruption of Minors as stated in the information. Moreover, the information was sufficient to give the defendant notice of the nature of the charges against him."

We agree.

Judgments of sentence affirmed.

VAN der VOORT, J., files a dissenting opinion in which HESTER, J., joins.

JACOBS, former President Judge, and HOFFMAN, J., did not participate in the consideration or decision of this case.

VAN der VOORT, Judge, dissenting:

This is an appeal by defendant from convictions and sentencing for statutory rape (# 0961 January, 1977) and

corruption of minor (# 0962 January, 1977).[1] The trial took place before Judge Prattis of the Philadelphia Common Pleas Court without a jury. Defendant asks that both convictions be reversed because:

1. The court permitted, on March 7, 1977, over defendant's objection, an amendment changing the date of the alleged offenses from November 12, 1975 to February 13, 1976;

2. There was insufficient evidence to prove guilt beyond a reasonable doubt;

3. The trial judge was improperly persuaded to base his verdict on a lack of evidence of motive or reason for the testimony of the complainant.

■ The lower court adequately answered appellant's first argument in its opinion:

"Generally, a bill of information must state the charges against the defendant with such certainty as to give him fair notice of the substance, time and place of the alleged offense and to inform him in an intelligent manner of the nature of the accusations which he has been called upon to answer. *Commonwealth v. Wolfe*, 220 Pa.Super. 415, 289 A.2d 153 (1972).

It is axiomatic and of long standing that the court under the authority of Title 19 P.C.S.A. [P.S.] §§ 432 and 433, may amend bills of information to correct mere formal defects such as time, place, and value if the amendment is not material to the merits of the case, and the defendant is not prejudiced thereby. *Commonwealth v. Myers*, 10 Lebanon 327 (1966). Additionally, the question of permitting an amendment is primarily for the sound discretion of the trial court, and the action of the trial court will be reversed only for a clearly manifest abuse of discretion. *Commonwealth v. Ballow*, 171 Pa.Super. 54, 90 A.2d 363 (1952).

---

1. The notice of appeal refers only to the charge at 961, however the Trial Judge's Opinion treats the appeal as covering both 961 and 962. We will therefore treat the appeal as covering both charges.

The amendment presently in issue was requested by the Commonwealth at time of trial and related to the date stated on the information on which the incident was alleged to have occurred. An amendment as to time is material in this case. However, there was no prejudice to the defendant since the court granted the defendant a 30 day continuance to prepare his defense consistent with the amendment.

Based on aforementioned, the trial court finds no error in its permitting the Commonwealth to amend the bills of information."

The majority of the members of our court are in agreement that appellant's first argument is without merit.

Appellant's third argument refers to a comment made by the trial judge to the defendant just before the judge announced his verdict. The remark is of no legal significance. A reading of the entire testimony leaves no reasonable doubt as to appellant's guilt.

 With respect to appellant's second argument, we adopt the following portion of the trial court's opinion:

"Finally, the defendant alleges that the trial court erred in finding the evidence sufficient to prove the defendant guilty beyond a reasonable doubt, because of the following:

'a) The lack of a prompt complaint;

b) The admission(s) by the complaint that she lied on several occasions concerning this matter;

c) The numerous testimonial inconsistencies, especially those relating to the date of the alleged offense.'

In evaluating a claim of insufficiency of evidence, the test is whether, accepting as true all evidence, direct and circumstantial, and all reasonable inferences arising therefrom, such evidence and inferences are sufficient in law to prove guilt beyond a reasonable doubt. *Commonwealth v. Waters,* 463 Pa. 465, 345 A.2d 613 (1975); and *Commonwealth v. Weyman,* 235 Pa.Super. 116, 339 A.2d 78 (1975).

Historically, lack of prompt complaint was a factor to be considered by the trial authority in cases involving sexual offenses.[1] However, in the case of statutory rape, the

[1] Cf. contra, Act #53, 1976, 18 P.C.S.A. § 3105.

delay of the victim in reporting the crime was not relevant in determining credibility. *Commonwealth v. Bradford,* 202 Pa.Super. 468, 198 A.2d 412 (1964); and *Commonwealth v. Newcomer,* 183 Pa.Super. 432, 132 A.2d 731 (1957).

In addition, the admission by the complainant that she lied on several occasions and the discovery of inconsistencies in her testimony are matters to be considered by the trier of fact in evaluating the veracity of that testimony, and absent some abuse of discretion, the trier of fact should be upheld.

When considering all the evidence and the inferences arising therefrom, the court concludes there was no error in finding the defendant guilty beyond a reasonable doubt."

I differ from the majority in one respect on appellant's sufficiency of evidence argument: I would reverse the Corruption of Minor conviction. The indictment for that charge recites only the following: "ACT—did remove the clothing of the minor." The only evidence offered on this point was testimony of the minor that she, not the defendant, removed her clothes. Had the indictment specified that the defendant persuaded the minor to remove her clothes or to engage in intercourse or lewd behavior, I would have found no difficulty with this point. My dissent is grounded on the Commonwealth's failure to prove a fact which it had led the appellant to believe it would prove in order to obtain a conviction. Because of this important flaw, I would reverse the Corruption of Minor conviction. See *Commonwealth v. Lambert,* 226 Pa.Super. 41, 313 A.2d 300 (1973).

HESTER, J., joins in this dissenting opinion.