J-S62032-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| BAHIR ABDUL BELL | |
| Appellant | No. 3156 EDA 2013 |

Appeal from the Judgment of Sentence October 8, 2013
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0000819-2013

BEFORE:  ALLEN, J., OLSON, J., and OTT, J.

MEMORANDUM BY OTT, J.:                    **FILED DECEMBER 19, 2014**

Bahir Abdul Bell appeals the judgment of sentence imposed October 8, 2013, in the Delaware County Court of Common Pleas.  Bell was sentenced to a mandatory minimum two to five years' imprisonment[1] for his jury conviction of possession with intent to deliver a controlled substance (PWID),[2] namely codeine.  On appeal, Bell challenges the sufficiency of the evidence supporting the jury's determination that he possessed drugs with the intent to deliver them, rather than for his personal use.  Although we conclude the sole issue raised on appeal is meritless, for the reasons set

_____

[1] **See** 18 Pa.C.S. § 6317 ("Drug-free school zones").

[2] 35 P.S. § 780-113(a)(30).

forth below, we are, nevertheless, constrained to vacate the judgment of sentence and remand for resentencing.

The facts underlying Bell's arrest and conviction are aptly summarized by the trial court as follows:

On December 23, 2010, approximately 11:30 P.M., Officer Steven Russo, Upper Darby Police Department, was dispatched to a Wawa convenience store located at 7720 West Chester Pike in Upper Darby, Pennsylvania. Upon arriving, Officer Russo's attention was drawn toward a white vehicle with disabled headlights parked directly in front of the neighboring and closed Highland Beverage store. Officer Russo observed that there were two (2) males located inside this car. Believing that this motor vehicle may have had a connection to the radio call, Officer Russo began walking in the direction of the car.

Officer Russo proceeded toward the vehicle for further inquiry and was approximately twenty (20) feet from the car when it quickly fled the vicinity. As Officer Russo approached the motor vehicle he neither had his weapon drawn nor had he made any verbal contact with the vehicle's occupants. Officer Russo on nearing the car before it fled the lot was able to determine that the two (2) individuals inside the vehicle were both black males. Officer Russo provided a description over police radio for a white vehicle with an unknown Virginia license plate fleeing on West Chester Pike toward State Road.

Officer Russo very quickly received word this car was stopped at West Chester Pike and State Road by fellow officers. Upon arriving at this closeby scene, Officer Russo recognized the same two (2) individuals he had observed inside the while vehicle only literally seconds prior, one of whom was identified as Defendant Bell. Defendant Bell was subsequently brought to the police station where his car was also towed.

After the vehicle was towed, Detective Sergeant Daniel Lanni and Detective Brad Ross conducted a search of the car. The detectives were permitted to conduct the search after being given Defendant Bell's consent which was formalized through a Consent to Search Form [Bell] duly executed and signed. Upon searching the motor vehicle, the detectives concluded the car

was an Avis rental vehicle on discovering an Avis rental agreement. The Avis documentation detailed that the car was rented to a Veronica Bell, later determined to the mother of Defendant Bell.

While conducting the search of the vehicle, the detectives found hidden in the trunk's spare tire compartment a white prescription bag and a black plastic bag containing a large prescription bottle. This bottle's label specified that the prescription was in [Bell's] name, and the bottle was further labeled as Prometh/COD SYP. The prescription bottle contained a reddish orange liquid. The black bag also held thirteen (13) small glass vials of two (2) sizes with plastic lids that were as well filled with a reddish orange liquid similar to the content of the prescription bottle. Upon laboratory analysis, the thirteen (13) clear glass vials were found to contain the controlled substance, codeine, in syrup form.

Trial Court Opinion, 3/31/2014, at 9-11 (record citations omitted).

Bell was subsequently charged with PWID, possession of controlled substances, possession of a small amount of marijuana and possession of drug paraphernalia.[3] The Commonwealth later proceeded to trial only on the PWID charge, and withdrew the three remaining counts. In addition, prior to trial, the court granted the Commonwealth's motion to amend the PWID charge to reflect the averment that the offense "occurred within 250 feet of a recreation center." *See* Order, 7/11/2013. The jury returned a verdict of guilty on the charge of PWID, and specifically found the offense

---

[3] 35 P.S. §§ 780-113(a)(30), (a)(16), (a)(31), and (a)(32), respectively. When Bell's vehicle was stopped, the police noticed a strong odor of marijuana emanating from the car. They subsequently recovered a partially smoked marijuana blunt from Bell's pants pocket. *See* Criminal Complaint, 2/17/2011, at 5-6 (Affidavit of Probable Cause).

occurred "within 250 feet of Apple Pie Day Care, Inc. located at 3 South State Road, Upper Darby Township, Pennsylvania[.]" Verdict, 7/12/2013.

On September 26, 2013, the trial court sentenced Bell to a mandatory minimum term of two to five years' imprisonment pursuant to 18 Pa.C.S. § 6317, for his commission of the offense "within 250 feet of the real property on which is located a recreation center[.]"[4]  **Id.**  Bell filed a motion for reconsideration of sentence requesting credit for additional time-served. The court filed an amended sentencing order on October 8, 2013, granting Bell the credit requested, and this timely appeal followed.[5]

The sole issue raised on appeal challenges the sufficiency of the evidence.  Bell contends the evidence presented was insufficient to prove he possessed the codeine recovered from the trunk of the vehicle with the intent to deliver it, rather than for his own personal use.  Bell's Brief at 12. Specifically, he argues:

> There were no cash or cell phones seized.  There were no dilutants or cutting agents f[o]und.  And most importantly, the

---

[4] The parties stipulated at trial that (1) Bell's vehicle was stopped within 250 feet of Apple Pie Daycare, Inc., and (2) that Apple Pie Daycare Inc. "is classified as a recreation center pursuant to the applicable statutory definition."  N.T., 7/11/2013, Volume II, at 182-183.

[5] On November 14, 2013, the trial court ordered Bell to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Bell complied with the court's directive and filed a concise statement on December 4, 2013.

investigating officers made no observations of any particular conduct of [Bell] indicative of drug dealing behavior.

*Id.* (emphasis in original). Although Bell acknowledges the Commonwealth presented the testimony of an expert witness who opined Bell possessed the codeine with the intent to deliver it, Bell asserts the expert's opinion was "too weak and inconclusive to support the inference that [he] possessed the codeine with the intent to deliver it." *Id.* at 17.

Our review of a challenge to the sufficiency of the evidence is well-established:

> [W]e evaluate the record in the light most favorable to the Commonwealth as the verdict winner, giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence. "Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt." However, the Commonwealth need not establish guilt to a mathematical certainty, and it may sustain its burden by means of wholly circumstantial evidence. Moreover, this Court may not substitute its judgment for that of the factfinder, and where the record contains support for the convictions, they may not be disturbed. Lastly, we note that the finder of fact is free to believe some, all, or none of the evidence presented.

*Commonwealth v. Taylor*, 33 A.3d 1283, 1287-1288 (Pa. Super. 2011) (internal citations omitted), *appeal denied*, 47 A.3d 847 (Pa. 2012). *See Commonwealth v. Ratsamy*, 934 A.2d 1233, 1236 (Pa. 2007) (emphasizing appellate court reviewing sufficiency claim "must determine simply whether the evidence believed by the fact-finder was sufficient to support the verdict").

"To convict a person of PWID, the Commonwealth must prove beyond a reasonable doubt that the defendant possessed a controlled substance and did so with the intent to deliver it." ***Commonwealth v. Bricker***, 882 A.2d 1008, 1015 (Pa. Super. 2005) (citation omitted). The Commonwealth may prove the defendant's intent to deliver "wholly by circumstantial evidence." ***Id.*** (citation omitted). When the intent to deliver is not evident from the facts, the Commonwealth may present expert testimony on the issue.

> Such testimony is admissible to aid in determining whether the facts surrounding the possession of controlled substances are consistent with intent to deliver. The amount of the controlled substance is not "crucial to establish an inference of possession with intent to deliver, if ... other facts are present."

***Ratsamy***, ***supra***, 934 A.2d at 1237 (citation omitted).

After a thorough review of the trial transcript, we find the court, in its opinion, thoroughly and accurately summarized the testimony of the Commonwealth's expert witness, Detective Timothy Bernhardt. ***See*** Trial Court Opinion, 3/31/2014, at 11-14 (summarizing expert's testimony that (1) the vials recovered from the trunk were "wholly consistent with the containers commonly used to package liquid codeine for illicit street sales;" (2) the vials seized were also in the quantity frequently encountered in street sales, "one-half (0.5) ounce or one (1) ounce sizes;" (2) the street value of the vials recovered was $350; (3) the secretive placement of the vials in the trunk's spare tire compartment supported an inference of intent to deliver; (4) the absence of money or cell phones not dispositive; and (5) an individual possessing codeine for personal use "would not package [it in

- 6 -

vials] … and keep it secreted in the spare tire compartment of a rental car's trunk.").  Furthermore, we conclude the court provides a well-reasoned basis for its determination that the Commonwealth presented sufficient evidence to support the jury's verdict of PWID.  **See Id.** at 14-23.  Our review of the record reveals ample support for the trial court's conclusion that the jury's verdict was based upon "weak and inconclusive" testimony.  Bell's Brief at 17.  Therefore, we adopt the sound reasoning of the Honorable Kevin F. Kelly as dispositive of the one issue raised on direct appeal.

Nevertheless, the trial court imposed a mandatory minimum sentence pursuant to 18 Pa.C.S. § 6317, a statute that has been found to be constitutionally infirm in light of the United States Supreme Court's decision in **Alleyne v. United States**, 133 S.Ct. 2151 (U.S. 2013).  **See Commonwealth v. Newman**, 99 A.3d 86 (Pa. Super. 2014) (*en banc*); **Commonwealth v. Bizzel**, ____ A.3d ____, 2014 PA Super 267 (Pa. Super. December 2, 2014) (applying **Newman** to Section 6317).  Although Bell did not contest the imposition of the mandatory minimum sentence on appeal, "a challenge to a sentence premised upon **Alleyne** … implicates the legality of the sentence and cannot be waived on appeal."  **Newman**, **supra**, 99 A.3d at 90.[6]  Moreover, this Court may address the legality of a defendant's

_____

[6] We note that the Pennsylvania Supreme Court recently granted *allocatur* to consider, *inter alia*, "[w]hether a challenge to a sentence pursuant to **Alleyne** [] implicates the legality of the sentence as and is therefore non-
*(Footnote Continued Next Page)*


sentence *sua sponte*. **Commonwealth v. Watley**, 81 A.3d 108, 118 (Pa. Super. 2013) (*en banc*), *appeal denied*, 95 A.3d 277 (Pa. 2014).

In **Alleyne**, the United States Supreme Court held "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be **submitted to the jury** and found **beyond a reasonable doubt**." **Alleyne**, 133 S.Ct. at 2155 (emphasis supplied).

In **Commonwealth v. Newman**, **supra**, an *en banc* panel of this Court concluded that **Alleyne** rendered the mandatory minimum sentencing provision of a similar statute, 42 Pa.C.S. § 9712.1, unconstitutional. Like the statute at issue herein, subsection (c) of Section 9712 permits the trial court to determine at sentencing whether the elements necessary to increase the mandatory minimum sentence, *i.e.*, the defendant possessed or was in close proximity to a firearm while selling drugs, were proven **by a preponderance of the evidence**. **See** 42 Pa.C.S. § 9712.1(c).

The **Newman** Court vacated the judgment of sentence and remanded for resentencing without consideration of the mandatory minimum statute. The Court opined:

> Plainly, Section 9712.1 can no longer pass constitutional muster. It permits the trial court, as opposed to the jury, to increase a defendant's minimum sentence based upon a preponderance of the evidence that the defendant was dealing drugs and

*(Footnote Continued)* ⎯⎯⎯⎯⎯⎯⎯⎯⎯

waivable." **Commonwealth v. Johnson**, 93 A.3d 806 (Pa 2014) (granting *allocatur*).

possessed a firearm, or that a firearm was in close proximity to the drugs. Under **Alleyne**, the possession of the firearm must be pleaded in the indictment, and must be found by the jury beyond a reasonable doubt before the defendant may be subjected to an increase in the minimum sentence. As that is not the case instantly, we are constrained to vacate appellant's sentence and remand for resentencing without regard for any mandatory minimum sentence prescribed by Section 9712.1.

*Id.* at 98.

Furthermore, the **Newman** Court rejected the Commonwealth's suggestion that the illegality of the statute could be remedied upon remand, by empanelling a jury to consider whether the Commonwealth proved, beyond a reasonable doubt, the factors necessary to impose the mandatory minimum. The Court held:

We find that Subsections (a) and (c) of Section 9712.1 are essentially and inseparably connected. Following **Alleyne**, Subsection (a) must be regarded as the elements of the aggravated crime of possessing a firearm while trafficking drugs. If Subsection (a) is the predicate arm of Section 9712.1, then Subsection (c) is the "enforcement" arm. Without Subsection (c), there is no mechanism in place to determine whether the predicate of Subsection (a) has been met.

*Id.* at 101. The Court concluded "it is manifestly the province of the General Assembly to determine what new procedures must be created in order to impose mandatory minimum sentences in Pennsylvania following **Alleyne**. We cannot do so." *Id.* at 102.

Following **Newman**, this Court in **Commonwealth v. Valentine**, 101 A.3d 801 (Pa. Super. 2014), vacated a mandatory minimum sentence imposed pursuant to 42 Pa.C.S. §§ 9712 and 9713, **after a jury had determined** that the defendant committed a crime of violence with a

firearm and in or near public transportation. In that case, the Commonwealth recognized the potential ***Alleyne*** issue, and like the prosecutor herein, amended the criminal information, prior to trial, to include the allegations necessary to impose the mandatory minimum sentences. ***Id.*** at 804. Furthermore, similar to the present case, the trial court in ***Valentine*** "permitted the jury, on the verdict slip, to determine beyond a reasonable doubt" whether the facts supported imposition of the mandatory minimum. ***Id.*** at 811. In concluding that the trial court performed an "impermissible legislative function," the ***Valentine*** Court opined:

> The trial court erroneously presupposed that only Subsections (c) of both 9712 and 9713 (which permit a trial judge to enhance the sentence based on a preponderance of the evidence standard) were unconstitutional under ***Alleyne****,* and that Subsections (a) of 9712 and 9713 survived constitutional muster. By asking the jury to determine whether the factual prerequisites set forth in § 9712(a) and § 9713(a) had been met, the trial court effectively determined that the unconstitutional provisions of § 9712(c) and § 9713(c) were severable. Our decision in ***Newman*** however holds that the unconstitutional provisions of § 9712(c) and § 9713(c) are not severable but "essentially and inseparably connected" and that the statutes are therefore unconstitutional as a whole.
>
> Moreover, ***Newman*** makes clear that "it is manifestly the province of the General Assembly to determine what new procedures must be created in order to impose mandatory minimum sentences in Pennsylvania following ***Alleyne****."* Therefore, the trial court lacked the authority to allow the jury to determine the factual predicates of §§ 9712 and 9713.

***Id.*** at 811-812 (internal citations omitted).

Although we recognize the Commonwealth and trial judge attempted to comply with the dictates of **Alleyne**, we are constrained by **Valentine** and **Newman** to reverse the judgment of sentence herein, and remand for resentencing without consideration of the Section 6317 mandatory minimum.

Accordingly, although we conclude Bell's challenge to the sufficiency of the evidence is meritless, we must, nevertheless, vacate the judgment of sentence and remand for resentencing in light of the erroneous imposition of the mandatory minimum sentence pursuant to Section 6317.

Judgment of sentence vacated. Case remanded for resentencing consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/19/2014