J. S16033/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| HASSAN GRAVES, | : | |
| | : | |
| Appellant | : | No. 740 EDA 2015 |

Appeal from the Judgment of Sentence October 6, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0004794-2013

BEFORE: OTT, J., DUBOW, J., and JENKINS, J.

MEMORANDUM BY DUBOW, J.:                    **FILED MARCH 04, 2016**

Appellant, Hassan Graves, appeals from the judgment of sentence entered in the Philadelphia County Court of Common Pleas, following his non-jury trial convictions for Possession of a Controlled Substance With Intent to Deliver (PWID) and Criminal Conspiracy to commit PWID.[1] Appellant filed a post-submission application for relief. After careful review, we affirm on the basis of the trial court's opinion, and remand for the appointment of counsel.

The trial court stated the relevant facts as follows:

On December 15, 2012, Appellant, along with codefendants Angel Alverez, and Larry Riggins, were observed by a Narcotics Strike Force surveillance operation distributing narcotics on the 200 block of E. Stella Street. [N.T.], 01/6/2014, at 6. Officer

---

[1] 35 P.S. § 780-113(a)(30), and 18 Pa.C.S. § 903, respectively.

Reilly of the Narcotics Strike Force witnessed an individual later identified as John Little approach Appellant and Riggins on a bicycle. *Id*. at 8. Officer Reilly testified that both Appellant and Riggins handed an unknown amount of currency to Little. *Id*. Little promptly rode his bike to 236 E. Stella St, and knocked on the door. *Id*. He was greeted by Alvarez and entered the property for a very brief period before exiting with a bundle of heroin. *Id*. at 9. Little then handed this package to Riggins, who placed it under a tire in a nearby vacant lot. *Id*. A short while later, an individual later identified as Krystian Tuliszewski parked a vehicle on the corner, approached Appellant and Riggins and engaged in a short conversation. *Id*. Tuliszewski then handed Appellant money. *Id*. Appellant proceeded to remove a clear baggie from the front of his pants area, remove objects from that baggie, and hand them to Tuliszewski. *Id*. Tuliszewski returned to his vehicle, and drove away. *Id*. at 10. The vehicle was then stopped by police. *Id*. Recovered on Tuliszewski were two bags of a substance later verified as cocaine, and two bags later verified as heroin stamped "iDope". *Id*.; N.T., 05/09/2014, at 66.

A short time later, Gerrilyn Timpson approached the corner and engaged both Appellant and Riggins in brief conversation before handing Riggins currency. N.T., 01/6/2014, at 10. Riggins then retrieved heroin from the tire and completed the transaction. *Id*. at 11. Riggins went on to complete heroin deals in this manner with Kevin Bellomo, and later Leslie Griggs, all in the presence of Appellant. *Id*. at 11-12. Each buyer was apprehended with matching packets of heroin stamped "Cartel", except Tuliszewski, whose bags were stamped "iDope". *Id*. at 10-13. Tuliszewski was also in possession of two blue-tinted packets of cocaine. *Id*. at 10.

Following the departure of Leslie Griggs, officers approached Appellant, Riggins, and Little. *Id*. at 13. Appellant fled from police on foot but was apprehended. *Id*. Recovered from his person were three jars of marijuana, 41 blue-tinted packets of cocaine, and $453. *Id*. at 14. The cocaine on his person was packaged identically to the two packets recovered from Tuliszewski. *Id*.

Trial Court Opinion, dated 6/29/15, at 2-3.

On October 6, 2014, the trial court sentenced Appellant to three to six years' incarceration, followed by five years' probation. Appellant filed a post-sentence motion on October 16, 2014, which was denied by operation of law on February 13, 2015. Appellant filed a timely Notice of Appeal on March 10, 2015. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raised one issue on appeal:

Whether the trial court erred as a matter of law in finding the Appellant guilty of the crime of criminal conspiracy to possess a controlled substance with the intent to deliver where the evidence adduced at trial only showed that Mr. Graves and his alleged co-conspirator, Mr. Riggins, engaged in separate drug transactions with no help or assistance from the other.

Appellant's Brief at 4.

We review claims regarding the sufficiency of the evidence by considering whether, viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. *Commonwealth v. Melvin*, 103 A.3d 1, 39-40 (Pa.Super. 2014). Further, a conviction may be sustained wholly on circumstantial evidence, and the trier of fact—while passing on the credibility of the witnesses and the weight of the evidence—is free to believe all, part, or none of the evidence. *Id*. In conducting this review, the appellate court may not weigh the evidence and substitute its judgment for the fact-finder. *Id*.

To prove the offense of PWID, the Commonwealth must demonstrate beyond a reasonable doubt that: (1) the accused possessed a controlled substance; and (2) the accused had the intent to deliver it to another. *Commonwealth v. Taylor*, 33 A.3d 1283, 1288 (Pa.Super. 2011).

To sustain a conviction for criminal conspiracy, the Commonwealth must demonstrate beyond a reasonable doubt that the defendant: (1) entered into an agreement to commit or aid in an unlawful act with another; (2) with a shared criminal intent; and (3) an overt act in furtherance of the conspiracy was done. *Commonwealth v. Feliciano*, 67 A.3d 19, 25-26 (Pa.Super. 2013). The conduct of the parties and the totality of circumstances may create a web of evidence linking the defendant to the alleged conspiracy beyond a reasonable doubt. *Id*. The conspiratorial agreement can be inferred from a variety of circumstances, including the relationship between the parties, knowledge of the crime, participation in the crime, and the circumstances and conduct of the parties. *Id*.

In his sole claim on appeal, Appellant argues that the evidence was insufficient to support his criminal conspiracy conviction. Appellant contends that: (1) he did not participate in any sale between Riggins and the other individuals; (2) he only possessed cocaine and marijuana rather than heroin; (3) he never handled the heroin that Little delivered to Riggins, who placed the heroin in an alleyway tire; and (4) the heroin recovered from 236 East

Stella Street pursuant to the search warrant did not match the drugs recovered from Appellant. Appellant's Brief at 18-23.

The Honorable Charles A. Ehrlich has authored a comprehensive, thorough, and well-reasoned opinion, citing to the record and relevant case law in addressing Appellant's sufficiency claim on appeal. *See* Trial Court Opinion, dated 6/29/15, at 8-12 (holding that the evidence was sufficient to support Appellant's conspiracy conviction because: (1) "the actions consisted of several drug sales in close proximity, both temporally and physically, using methods of operation typical of open-air drug markets[;]" (2) the "repeated interactions between multiple co-defendants and various buyers[;]" (3) "Appellant's financial contribution to Little preceding the heroin purchase[;] and (4) "the lack of overlap in narcotics for sale[,] with Appellant distributing cocaine and possessing individually packaged vials of marijuana, and Riggins distributing heroin").

After a careful review of the parties' arguments and the record, we affirm on the basis of the trial court's opinion.

Appellant filed an "Application for Relief: Motion to Reinstate Direct Appeal and for Appointment of New Court[-]Appointed Counsel Filed *Nunc Pro Tunc*" on February 25, 2016. In light of this Court's Order filed May 19, 2015, reinstating the appeal, we deny this application for reinstatement as moot.

With respect to Appellant's request for the appointment of new counsel, we remand to the trial court for the appointment of counsel within seven days of the filing of this Memorandum Opinion. Appellant shall have fourteen days from the date the trial court appoints new counsel in which to file a petition for reargument, if he so chooses.

Judgment of sentence affirmed. Application for Relief denied in part, granted in part. Case remanded for the appointment of new counsel within seven days. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/4/2016