J-S12043-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| IAN STEWART | : | |
| | : | |
| Appellant | : | No. 1520 MDA 2022 |

Appeal from the Judgment of Sentence Entered August 5, 2022
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s):  CP-36-CR-0004311-2020

BEFORE:   KUNSELMAN, J., McCAFFERY, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                       **FILED: JUNE 6, 2023**

Appellant, Ian Stewart, appeals from the aggregate judgment of sentence of 6 to 12 years' incarceration imposed by the Court of Common Pleas of Lancaster County following a jury trial at which he was convicted of possession with intent to deliver (PWID) and possession of drug paraphernalia.[1]  After careful review, we affirm.

On September 11, 2020, a search of Appellant's residence by parole agents found over 50 grams of cocaine, packaged both in a Ziploc bag and in small individual plastic containers, and other items, including empty small plastic containers, a digital scale with white powdery residue on it, and over

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 35 P.S. § 780-113(a)(30) and 35 P.S. § 780-113(a)(32), respectively.

$2,000 in cash. N.T. Trial, 5/16/22, at 58-62, 66, 73-83. Appellant was charged with PWID and possession of drug paraphernalia, and on May 17, 2022, following a two-day trial, a jury convicted him of both of those offenses. N.T. Trial, 5/17/22, at 176-77; Verdict Slip. On August 5, 2022, the trial court sentenced Appellant to 6 to 12 years' incarceration and payment of costs of prosecution for the PWID conviction and on the possession of drug paraphernalia conviction sentenced him only to pay costs of prosecution. N.T. Sentencing at 4. Appellant filed a timely post-sentence motion, which the trial court denied on September 28, 2022. This timely appeal followed.

Appellant presents the following single issue for our review:

> Was the evidence presented by the Commonwealth insufficient to prove beyond a reasonable doubt that Mr. Stewart was guilty of … possession with intent to deliver cocaine, pursuant to 35 PS §780-113(a)(30) where there was insufficient evidence that Mr. Stewart had the intent to deliver the cocaine to another person and not merely the intent to retain the cocaine for his own personal use?

Appellant's Brief at 4. Our standard of review on this issue is well-settled:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime

- 2 -

beyond a reasonable doubt by means of wholly circumstantial evidence.

*Commonwealth v. Brockman*, 167 A.3d 29, 38 (Pa. Super. 2017) (quoting *Commonwealth v. Antidormi*, 84 A.3d 736 (Pa. Super. 2014)).

To sustain a conviction for PWID, the Commonwealth must prove both that the defendant possessed a controlled substance and that the defendant had the intent to deliver the controlled substance. *Brockman*, 167 A.3d at 38; *Commonwealth v. Roberts*, 133 A.3d 759, 767 (Pa. Super. 2016); *Commonwealth v. Taylor*, 33 A.3d 1283, 1288 (Pa. Super. 2011). Appellant challenges only the latter element, arguing that the evidence at trial was insufficient to prove intent to deliver the cocaine because the evidence showed that Appellant was a cocaine user and there was no evidence of any sales by Appellant and no list of customers was found. This argument is without merit.

Evidence that the defendant was in possession of a large quantity of a controlled substance is sufficient to prove that the defendant had the intent to deliver the controlled substance. *Roberts*, 133 A.3d at 768; *Commonwealth v. Campbell*, 614 A.2d 692, 699 (Pa. Super. 1992). *Commonwealth v. Lindenmuth*, 554 A.2d 62, 66-67 (Pa. Super. 1989). Evidence that the defendant had items used for weighing and packaging drugs, evidence that the defendant had large sums of cash in his possession, the manner in which the drugs were packaged, and expert testimony are also factors that may prove intent to deliver. *Commonwealth v. Ratsamy*, 934

A.2d 1233, 1237–38 (Pa. 2007); **Brockman**, 167 A.3d at 39; **Commonwealth v. Carpenter**, 955 A.2d 411, 414-15 (Pa. Super. 2008).

Here, the evidence at trial showed that a large quantity of cocaine, over 50 grams, was found in Appellant's bedroom, consisting of 34.28 grams of cocaine in a clear plastic Ziploc bag and a total of 16.55 grams of cocaine in small plastic containers. N.T. Trial, 5/16/22, at 59-62, 66, 74-75, 79-81. Empty small plastic containers of the same kind, a digital scale with white powdery residue on it, a Ziploc bag of dried rice, and $2,485.00 in cash were found with the cocaine. **Id.** at 59-62, 74-78, 80-82. In addition, a police narcotics investigator testified, as an expert in distribution of controlled substances, that the small containers found in Appellant's room are a type of container used to package drugs for sale, that a digital scale is an item that would be used to weigh drugs to package them for sale, that dried rice is used when distributing drugs to protect the drugs from being damaged by moisture, and that the presence of the cash was consistent with selling drugs. **Id.** at 97, 102-07, 109. The expert further opined that the street value of the cocaine found in Appellant's bedroom was $5,200, that users of a drug who are not selling do not keep that amount of the drug in their possession, and that the presence of bulk cocaine, individual small containers of cocaine, and unused small containers of the same type, coupled with the scale, rice, and cash, showed that the cocaine was being sold. **Id.** at 107-08, 121.

- 4 -

This evidence of the quantity of cocaine in Appellant's possession and Appellant's possession of items used to package and weigh drugs for sale and other items associated with the sale of drugs was sufficient to prove that Appellant had the intent to deliver cocaine, without any direct evidence of sales. *Roberts*, 133 A.3d at 768-69; *Taylor*, 33 A.3d at 1288-89; *Carpenter*, 955 A.2d at 414-15; *Commonwealth v. Little*, 879 A.2d 293, 297-98 (Pa. Super. 2005).

Because the evidence at trial was sufficient to prove that Appellant was guilty of PWID, Appellant's lone claim of error in this appeal is without merit. We therefore affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/06/2023